No. 15-2377

## IN THE
## UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT
_____

## UNITED STATES OF AMERICA

### v.

### JAMAL REID,

Appellant

**Appeal from the Final Judgment in a Criminal Case of the United States District Court for the District of New Jersey (Crim. No. 11-706). Sat Below: Honorable. Joseph H. Rodriguez, U.S.D.J.**

_____

### BRIEF FOR APPELLEE

_____

**PAUL J. FISHMAN**
**United States Attorney**
**Attorney for Appellee**
**970 Broad Street**
**Newark, New Jersey 07102-2535**
**(973) 645-2700**

**On the Brief:**
**NORMAN GROSS**
**Assistant U.S. Attorney**
**401 Market Street**
**Camden, NJ 08101**
**(856) 968-4930**
**norman.gross@usdoj.gov**

# TABLE OF CONTENTS

PAGE

TABLE OF AUTHORITIES ................................................................... iii

TABLE OF ABBREVIATIONS ............................................................ vii

JURISDICTIONAL STATEMENT ......................................................... 1

STATEMENT OF THE ISSUE .............................................................. 1

STATEMENT OF RELATED CASES AND PROCEEDINGS ................ 1

STATEMENT OF THE FACTS ............................................................. 2

STATEMENT OF THE CASE ................................................................ 3

    Charges and Guilty Plea ................................................................. 3

    The Presentence Report .................................................................. 5

    The Sentencing Hearing ................................................................. 6

SUMMARY OF ARGUMENT .............................................................. 9

ARGUMENT ........................................................................................ 10

    REID HAS FAILED TO DEMONSTRATE THAT HE IS ENTITLED
    TO PLAIN ERROR RELIEF. ........................................................ 10

        I.      Johnson v. United States and the Career
               Offender Provision. .................................................. 10

        II.    Reid's Claim Identifies An Error That Was
               Clear and Obvious. ................................................... 13

        III.   Reid Has Likely Satisfied The Third Prong of
               Plain Error Review. .................................................. 14

        IV.   Reid Has Not Satisfied The Fourth Prong. ................ 15

A.    Reid's Sentence Was Well Below The Correct
Guidelines Range. ....................................................................... 17

B.    Reid Benefitted From A Presentence Report That
Failed To Describe His Violent Prior Crimes............................ 18

C.    <u>Callabretta</u> Does Not Compel Plain Error Relief Here.............. 22

CONCLUSION ................................................................................................. 26

# TABLE OF AUTHORITIES

## CASES                                                                    PAGES

Beckles v. United States,
  No. 15-8544, 2016 WL 1029080 (U.S., June 27, 2016)...........................................12

Chambers v. United States,
  555 U.S. 122 (2009)......................................................................................7

Henderson v. United States,
  133 S. Ct. 1121 (2013)..............................................................................14

Johnson v. United States,
  135 S. Ct.   (2015)........................................................................9, 11, 12

Johnson v. United States,
  520 U.S. 461 (1997)...................................................................................17

Molina-Martinez v. United States,
  136 S. Ct. 1338 (2016).......................................................................15, 16

Puckett v. United States,
  556 U.S. 129 (2009)...................................................................13, 14, 17

Roberts v. United States,
  445 U.S. 552 (1980)...................................................................................19

Shepard v. United States,
  544 U.S. 13 (2005).....................................................................................19

United States v. Brown,
  765 F.3d 185 (3d Cir. 2014).....................................................................19

United States v. Bustamante-Conchas,
  —F.3d—, 2016 WL 4183827 (10th Cir. Aug. 8, 2016)...........................16

United States v. Calabretta,
  —F.3d —, 2016 WL 3997215 (3d Cir., July 26, 2016)....................................passim

iii

United States v. Corso,
    549 F.3d 921 (3d Cir. 2008) .................................................................15

United States v. Dahl,
    —F.3d—, 2016 WL 4394538 (3d Cir. Aug. 18, 2016) ...........................24

United States v. Escalante–Reyes,
    689 F.3d 415 (5th Cir. 2012) ................................................................16

United States v. Flores,
    454 F.3d 149 (3d Cir. 2006) .................................................................24

United States v. Grayson,
    438 U.S. 41 (1978) ...............................................................................19

United States v. John,
    597 F.3d 263 (5th Cir. 2010) ................................................................17

United States v. Leekins,
    493 F.3d 143 (3d Cir. 2007) .................................................................20

United States v. Martinez-Rodriguez,
    821 F.3d 659 (5th Cir. 2016) ................................................................16

United States v. Miele,
    989 F.2d 659 (1993) .............................................................................20

United States v. Olano,
    507 U.S. 725 (1993) .............................................................................17

United States v. Portillo-Vega,
    478 F.3d 1194 (10th Cir. 2007) ............................................................18

United States v. Rivera,
    784 F.3d 1012 (5th Cir. 2015) ...................................................16, 21, 25

United States v. Scott,
    821 F.3d 562 (5th Cir. 2016) .........................................................16, 17

United States v. Zabielski,
    711 F.3d 381 (3d Cir. 2013) .................................................................24

United States v. Torres,
  251 F.3d 138 (3d Cir. 2001).................................................................7, 8

## Statutes

18 U.S.C. § 922(g)(1)...........................................................................3

18 U.S.C. § 924(e)................................................................................9

18 U.S.C. § 924(e)(2)(B)(i)..................................................................12

18 U.S.C. § 3231..................................................................................1

18 U.S.C. § 3553(a)..............................................................................7

18 U.S.C. § 3553(e)..............................................................................6

18 U.S.C. § 3742..................................................................................4

18 U.S.C. § 3742(a)..............................................................................1

18 U.S.C. § 3551..................................................................................1

21 U.S.C. § 841(b)(1)(A)......................................................................6

21 U.S.C. § 846.................................................................................3, 4

## State Statutes

N.J.S.A. 2C:12-1(b)(4)........................................................................20

N.J.S.A. 2C:29-2b..............................................................................14

## Sentencing Guidelines

U.S.S.G. § 4B1.1(b).............................................................................5

U.S.S.G. § 4B1.2(b)...........................................................................11

U.S.S.G. § 4B1.1............................................................................4, 11

U.S.S.G. § 4B1.1(a).............................................................................6

v

U.S.S.G. § 4B1.1(b)(1) ................................................................4

U.S.S.G. § 4B1.2(a) ...................................................................11

U.S.S.G. § 4B1.2(a)(2)................................................................9

U.S.S.G. § 4B1.2(a)(i)................................................................19

U.S.S.G. § 5K1.1...............................................................3, 6, 7, 10

U.S.S.G. § 6A1.3(a) ..................................................................20

## <u>TABLE OF ABBREVIATIONS</u>

"A"        refers to the Appendix supplied by Defendant.

"DB"       refers to Defendant's Brief.

"DE"       refers to a docket entry in the District Court.

"PSR"      refers to the Presentence Report filed under seal with this Court.

"SA"       refers to the Supplemental Appendix supplied by the United States.

"StR"      refers to the Statement of Reasons filed under seal with this Court.

## JURISDICTIONAL STATEMENT

This appeal is from the judgment in a criminal case imposed by the United States District Court for the District of New Jersey. The District Court had subject matter jurisdiction under 18 U.S.C. § 3231. This Court has jurisdiction over the challenge to the sentence under 18 U.S.C. § 3742(a). See 18 U.S.C. §§ 3551, 3557.

## STATEMENT OF THE ISSUE

Has Reid met his burden under the fourth prong of plain error review, where he does not even acknowledge that burden, and his sentence, albeit based on a plainly erroneous Guidelines range, was substantially below the range that Reid acknowledged should have applied—which was the range that would have applied had it been properly calculated?

## STATEMENT OF RELATED CASES AND PROCEEDINGS

Reid was charged in District of New Jersey Docket Number 11-cr-706 (JHR) with, inter alia, conspiring to distribute more than one kilogram of heroin with seven others: (1) Jamahl Daniels; (2) Courtney Broomfield; (3) Leroy Farmer; (4) Edward Brown, Jr.; (5) Nassaun Hines; (6) Baseem Tailiaferro; and (7) Matthew Palmer. See PSR ¶ ¶ 10-24. All of the codefendants pleaded guilty to the conspiracy charge, were sentenced to periods of incarceration from 36 to 110 months, and have not appealed.

1

## STATEMENT OF THE FACTS

Defendant Jamal Reid led a drug trafficking organization (the "Reid Organization") that distributed over a kilogram of heroin in Atlantic City, New Jersey and elsewhere between June 2009 and May 2010. PSR ¶¶ 30, 31. The Reid Organization included at least nine individuals. See PSR ¶¶ 10-24, 31.

During an almost year-long investigation, federal and state law enforcement officials obtained authorization to wiretap the telephones of Reid and others, interviewed confidential sources, conducted surveillance, analyzed telephone records, and supervised cooperating witnesses who made controlled purchases of heroin from members of the Reid Organization. PSR ¶¶ 32-33. The wiretaps established that, during a seven-week period from March 28 to May 7, 2010, Reid received at least six deliveries of "bricks" of heroin (each containing 50 bags of heroin, with a street value of $250-$300) from a man named Jamal Daniels. PSR ¶¶ 34-43. Reid then distributed the heroin to coconspirators Broomfield, Hines, Taliaferro and Edward Brown, among others, which they then sold to individual users. PSR ¶¶ 12-21, 30, 31.

## STATEMENT OF THE CASE

### Charges and Guilty Plea

On January 20, 2012, after Reid had been arrested on state court charges, federal prosecutors filed a criminal complaint in the District of New Jersey, charging Reid and eight codefendants with conspiracy to distribute 100 grams or more of heroin, in violation of 21 U.S.C. § 846. DE1. On July 10, 2012, a federal grand jury returned a four-count superseding indictment, charging Reid and seven codefendants in Count 1 with conspiracy to distribute one kilogram or more of heroin, in violation of 21 U.S.C. § 846, and charging Reid in Count 2 with unlawful possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). DE26. Counts 3 and 4 charged other defendants with violations of § 922(g)(1).

On May 13, 2013, pursuant to a plea agreement, DE83, Reid pled guilty to Counts 1 and 2. Reid and the Government also entered into a cooperation agreement, under which the Government committed to moving for a reduced sentence under U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e) if Reid met his obligations under that agreement. SA11. In the plea agreement, Reid stipulated that his total offense level was 35, based on a base offense level of 32 for distribution of at least one kilogram of heroin, SA8, Schedule A, ¶ 3; a two-level enhancement for possession of a gun in connection with the drug-trafficking offense, id., ¶ 4; a four-level enhancement for

Reid's role as an organizer or leader of the conspiracy, id., ¶ 5; and a three-level downward adjustment for prompt acceptance of responsibility, id., ¶¶ 14-16.

Although the parties did not reach an agreement as to whether Reid was a career offender pursuant to U.S.S.G. § 4B1.1, they stipulated that if that enhancement applied, Reid would still have an "agreed total Guidelines offense level for Count 1" of 35 with acceptance of responsibility. Id., ¶¶ 6, 7, 14-16. This stipulation was erroneous. Because Reid was charged with conspiracy to distribute more than a kilogram of cocaine, he was exposed to a maximum sentence of life imprisonment, 21 U.S.C. §§ 846, 841(b)(1)(A)(i). As the Probation Office recognized, PSR ¶ 86, Reid's offense level as a career offender was therefore 34, not 35. See U.S.S.G. § 4B1.1(b)(1).

The agreed total Guidelines offense level for the firearms count was "either 24 or 28," but in either case, did not alter the combined offense level for all counts. PSR ¶¶ 8-13. The plea agreement contained a limited waiver of Reid's right to appeal his sentence, in which Reid relinquished his right to challenge his sentence "if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 35." SA10, Schedule A, ¶ 18. The parties "reserve[d] any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category." Id.

4

**The Presentence Report**

The Probation Office adopted the parties' stipulations in calculating the offense level. PSR ¶¶ 54, 65, 66, 69, 137. But between the date of the plea agreement on May 13, 2013 and issuance of the final presentence report on May 7, 2015, the United States Sentencing Commission proposed a two-level reduction of the base offense level, from 32 to 30, that applied to the distribution of between one and three kilograms of heroin. <u>See</u> U.S.S.G. November 1, 2015 Supplement to Appendix C, pp. 64-65, Amendment 782. The Probation Office recommended that Reid receive the benefit of that proposed amendment. PSR ¶ 80. Probation thus recommended that Reid's total offense level—before the reduction for acceptance of responsibility—under § 2D1.1 was 36. PSR ¶ 85.

Because the career offender provision established the higher offense level under that formulation, PSR ¶¶ 85, 86, the offense level of 37—before acceptance of responsibility—applied. <u>See</u> U.S.S.G. § 4B1.1(b). With a three-level downward adjustment for prompt acceptance of responsibility, the adjusted total offense level was 34. PSR ¶ 89. With a criminal history category of VI that applied under § 4B1.1(b), the applicable Guidelines range was 262 to 327 months. PSR ¶ 136. <u>See</u> U.S.S.G., Ch. V, Pt. A (Sentencing Table).

5

Reid had three criminal convictions as an adult, two of which the Probation Office determined were "crimes of violence" under U.S.S.G. § 4B1.1(a): a 2006 state court sentence for cocaine distribution, PSR ¶ 94, and a 2006 sentence for eluding a police officer, PSR ¶ 96. In Reid's written presentence submission, he "concede[ed] that he ha[d] two qualifying convictions that make him a career offender." SA18. He nevertheless requested a sentence of ten years, the mandatory minimum under 21 U.S.C. § 841(b)(1)(A) for the drug-trafficking offense. Id.

In its sentencing submission, the Government moved for a downward departure under U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e), SA12, permitting the District Court to impose a sentence below the ten-year mandatory minimum. See 18 U.S.C. § 3553(e). The Government did not request a specific sentence or range.

**The Sentencing Hearing**

The District Court, the Honorable Joseph H. Rodriguez, conducted a sentencing hearing on May 27, 2015. In addressing Probation's Guidelines calculations, defense counsel stated:

> There was a recent Supreme Court case that basically changed the law with respect to a career offender and the eluding charge essentially stating that you are no longer allowed to go into the facts of the underlying eluding charge to argue against career offender status. So, based on that, Your Honor, there are no changes or corrections which need to be made.

6

A10.[1] The Court stated that it would "accept the calculations as they appear in the presentence report which results in a total offense level of 34, and a criminal history score of VI which places us into a sentencing range of 262 to 327 months." A11. See also StR. Neither party objected.

The Government then requested the court to grant its downward departure motion under U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e), noting that Reid had "satisfied the [United States v.] Torres[, 251 F.3d 138 (3d Cir. 2001)] factors." A12. The Court agreed and granted the motion. A13.

Defense counsel called several witnesses, A14-19, and presented argument regarding the factors under 18 U.S.C. § 3553(a), A19-24, conceding that Reid had "picked up the two cases which made him a career offender," A22. Counsel asked for a sentence of seven years. A24. Reid then allocuted. A24-26.

During his own remarks, the prosecutor noted that eight guns were seized from Reid's house and a storage location, and that Reid "delivered heroin that destroyed communities." A27. He pointed out, however, that Reid was "smart," "articulate," and "has potential," but "made this choice, so he has to live with it."

---

[1] Although counsel did not specify the case, he may have been referring to Chambers v. United States, 555 U.S. 122 (2009), which held that Illinois' "failure to report for confinement" statute "falls outside the scope of ACCA's definition of 'violent felony.'" Id. at 130. The Supreme Court does not appear to have addressed an "eluding" statute in the context of an ACCA challenge.

7

A27-28. The prosecutor did not ask for a specific sentence or even a sentence within a particular range, but asked the Court to impose "a lengthy period of supervised release because if he stumbles and falls, he will be back here and there will be no additional chances, at least not from the government." A29.

The Court stated that the Guidelines range was "reasonable [as] the starting point for … an appropriate sentence." Id. Applying the § 3553(a) factors, the Court noted that "drug dealing is insidious and destructive," and that Reid should have resisted the lure of trafficking because he had a supportive family. A30. The Court stated that "we have a criminal history score of VI, which means there has been significant contact with the criminal justice system in both juvenile and adult life." A31. In addition to the three adult convictions, Reid "was adjudicated delinquent, under court supervision for four separate violations for shoplifting, resisting arrest, possession of marijuana, and the distribution of a controlled substance." Id.

By operation of the § 5K1.1 departure, the Court reduced the applicable offense level by five levels, to 29. A32. Coupled with a criminal history category of VI, the range was reduced from 262-327 months to 151-188 months. Id. The Court imposed a sentence of 154 months on the drug-trafficking count and 120 months on the firearms count, to be served concurrently. A32-33.

8

Approximately one month after the sentencing hearing, the Supreme Court issued its decision in <u>Johnson v. United States</u>, 135 S. Ct. 2552 (2015), holding that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), was unconstitutionally vague. <u>Id.</u> at 2563.

## **SUMMARY OF ARGUMENT**

In May 2015, one month before the Supreme Court held in <u>Johnson v United States</u> that the residual clause of the Armed Career Criminal Act was unconstitutionally vague, the District Court sentenced Reid as a career offender, based on a prior conviction that was not a proper predicate under U.S.S.G. § 4B1.2(a)(2). Without the benefit of <u>Johnson</u>, Reid conceded at sentencing that he was properly deemed a career offender.

In light of this Court's recent decision in <u>United States v. Calabretta</u>,—F.3d —, 2016 WL 3997215 (3d Cir., July 26, 2016), which applied <u>Johnson</u> to find that a career offender designation based on the same eluding statute at issue in this case was plainly erroneous, the Government concedes that the District Court's treatment of Reid as a career offender was, in retrospect, an error that is plain and likely affected Reid's substantial rights. But Reid has not even acknowledged that he must demonstrate plain error, and so has not attempted to satisfy the fourth prong of plain error review. Nor could he do so if he tried. His sentence, following the District

Court's award of a substantial downward departure under U.S.S.G. § 5K1.1, was substantially below the Guidelines range that would have applied had Reid not been deemed a career offender.

The District Court was also unaware at sentencing that Reid—although permitted to plead guilty in a prior state court case to simple assault—was initially charged with aggravated assault because he threatened to kill the victim by pointing a gun at him. And in another case, Reid was permitted to plead guilty to eluding a police officer even though he was initially charged with aggravated assault because he struck the officer with his car while ignoring the officer's order to stop. Given those circumstances, Reid cannot show that failure to grant plain error relief will result in a miscarriage of justice.

## **ARGUMENT**

### **REID HAS FAILED TO DEMONSTRATE THAT HE IS ENTITLED TO PLAIN ERROR RELIEF.**

**Standard Of Review**: Plain error. **United States v. Calabretta,—F.3d—, 2016 WL 3997215, *2 (3d Cir. 2016).**

### **I.      Johnson v. United States and the Career Offender Provision.**

Although Reid conditionally waived his right to appeal his sentence, he preserved his right to challenge the District Court's calculation of his criminal history category. He now claims that application of the career offender enhancement

10

erroneously increased his criminal history category from IV to VI. Although he effectively concedes that the enhancement was proper when applied, he argues that Johnson v. United States, 135 S. Ct. 2552 (2015), decided approximately one month after sentencing, rendered the enhancement erroneous.

A defendant is a "career offender" if he has two prior convictions for either a "crime of violence" or a "controlled substance offense." U.S.S.G. § 4B1.1. A "controlled substance offense" is a federal or state law crime with a maximum sentence of more than one year, that prohibits most forms of drug-trafficking. U.S.S.G. § 4B1.2(b). Reid concedes that his 2006 drug-trafficking conviction in state court is a "controlled substance offense." DB5.

A "crime of violence" is a federal or state law crime with a maximum sentence of more than one year that "(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2(a). Although he conceded below that his 2006 eluding conviction was a crime of violence, he now claims that, in light of Johnson, it was not.

The ACCA is structured similarly to the career offender provision of the Sentencing Guidelines, and defines a "violent felony" as one that "(i) has as an

11

element the use, attempted use, or threatened use of physical force against the person

of another"; or "(ii) is burglary, arson, or extortion, involves use of explosives, or

otherwise involves conduct that presents a serious potential risk of physical injury to

another." 18 U.S.C. § 924(e)(2)(B)(i) and (ii). Subsection (B)(i) is referred to as the

"elements clause." The offenses identified in subsection (B)(ii) are referred to as

"enumerated offenses." The phrase "or otherwise involves conduct that presents a

serious potential risk of physical injury to another" is called the "residual clause."

In Johnson, the Supreme Court held that "the indeterminacy of the

wide-ranging inquiry required by the residual clause both denies fair notice to

defendants and invites arbitrary enforcement by judges," so the clause was "void for

vagueness" in all of its applications and could not be used to enhance a defendant's

sentence under the ACCA. 135 S. Ct. at 2557. This Court, agreeing with the

Government's concession, recently held that "the residual clause of the career

offender Guideline, like ACCA's residual clause, is infected with 'hopeless

indeterminacy,' Johnson, 135 S.Ct. at 2558, and is unconstitutionally vague in light

of Johnson." United States v. Calabretta,—F.3d—, 2016 WL 3997215, *7 (3d Cir.,

July 26, 2016). In Beckles v. United States, No. 15-8544, 2016 WL 1029080 (U.S.,

June 27, 2016), the Supreme Court granted certiorari to address that issue, among

others.

12

**II.    Reid's Claim Identifies An Error That Was Clear and Obvious.**

Because Reid did not object to application of the career offender enhancement at sentencing, he must demonstrate plain error. <u>Calabretta</u>, 2016 WL 3997215, *2 Reid has the burden of showing: (1) error ("some sort of deviation from a legal rule"); (2) that is "clear or obvious, rather than subject to reasonable dispute;" (3) "affected [Reid's] substantial rights," meaning that it "affected the outcome of the district court proceedings;" and (4) "seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings," for which an appellate court should exercise its "discretion to remedy." <u>Puckett v. United States</u>, 556 U.S. 129, 135 (2009) (internal quotation marks omitted).

<u>Calabretta</u> has several substantial similarities to this case and so merits close examination here. There, the district court applied the career offender enhancement based on the defendant's convictions in New Jersey state courts for "Death by Auto" and "Eluding in the Second Degree." <u>Id.</u>, *1. The enhancement "increased Calabretta's criminal history category from III to VI, and increased his total offense level from 29 to 31," resulting in a "recommended Guidelines sentencing range [of] 188 to 235 months." <u>Id.</u> "Had the career offender Guideline not applied, his recommended Guidelines sentencing range would have been 108 to 135 months."

13

Id. The district court granted a 68-month downward variance and imposed a sentence of 120 months. Id.

As in Reid's case, "[w]hile Calabretta's appeal was pending, the United States Supreme Court decided Johnson." Id., *3. Without the benefit of Johnson at sentencing, Calabretta (like Reid), did not object to application of the career offender enhancement, but challenged the enhancement on appeal based on the intervening decision in Johnson. Id. In accepting the Government's concession, this Court held that, in light of Johnson, application of the career offender enhancement was error that was plain. Id., *7. Because the New Jersey statute underlying one of Reid's necessary predicates for the career offender enhancement, a conviction for eluding a law enforcement officer in violation of N.J.S.A. 2C:29-2b, was the same statute at issue in Calabretta, and because this Court has now held that that such an offense was not "crime of violence," the district court's determination to the contrary was error that is plain. Henderson v. United States, 133 S. Ct. 1121, 1129 (2013) (whether an error is plain is determined by the state of the law by the time of direct appeal, not when the error was made).

## III.    Reid Has Likely Satisfied The Third Prong of Plain Error Review.

"In most cases a defendant who has shown that the district court mistakenly deemed applicable an incorrect, higher Guidelines range has demonstrated a

reasonable probability of a different outcome." <u>Molina-Martinez v. United States</u>,

136 S. Ct. 1338, 1346 (2016). To be sure, "there may be instances when, despite

application of an erroneous Guidelines range, a reasonable probability of prejudice

does not exist." <u>Id.</u> This would occur, for example, when "[t]he record in a case"

shows "that the district court thought the sentence it chose was appropriate

irrespective of the Guidelines range." <u>Id.</u> But where "the record is silent as to what

the district court might have done had it considered the correct Guidelines range, the

court's reliance on an incorrect range in most instances will suffice to show an effect

on the defendant's substantial rights." <u>Id.</u> at 1347.

Here, the transcript of the sentencing hearing does not reveal whether the

District Court would have imposed the same sentence had the accurate Guidelines

range served as the starting point. Consequently, Reid has satisfied the third prong of

plain error review.

## IV. Reid Has Not Satisfied The Fourth Prong.

Reid has not even acknowledged that plain error review applies; indeed, he

does not state what the applicable standard of review should be for his claim. DB2.

"[A] clear error affecting substantial rights cannot, 'without more,' satisfy the fourth

prong of the plain-error analysis." <u>United States v. Corso</u>, 549 F.3d 921, 931 (3d Cir.

2008). Reid's failure to even attempt to meet his burden of satisfying the fourth

prong defeats his claim, because granting relief notwithstanding that failure "would collapse the fourth prong into the first three and would contravene binding precedent that directs us to consider the facts of each case before finding that the fourth prong has been met," United States v. Rivera, 784 F.3d 1012, 1018 (5th Cir. 2015). See generally United States v. Bustamante-Conchas,—F.3d—, 2016 WL 4183827, *3 (10th Cir. Aug. 8, 2016) ("We review forfeited arguments for plain error, but only if the appellant asks for plain error review in this court and puts forward arguments concerning its application.").

Nor could Reid meet his burden had he tried. Proof of prejudice "will suffice for relief *if the other requirements of Rule 52(b) are met*." Molina-Martinez, 136 S. Ct. at 1346 (emphasis added). But satisfaction of the fourth prong is not "automatic if the other three prongs are met," and there is no "blanket rule that once prejudice is found under the [third prong of plain error], the error invariably requires correction." United States v. Martinez-Rodriguez, 821 F.3d 659, 664 (5th Cir. 2016) (citing United States v. Escalante–Reyes, 689 F.3d 415, 425 (5th Cir. 2012) (en banc)). Indeed, "errors warranting fourth-prong correction are rare and egregious." United States v. Scott, 821 F.3d 562, 571 (5th Cir. 2016).

"The fourth prong [of plain error review] is meant to be applied on a case-specific and fact-intensive basis," so a "per se approach to plain-error review is

flawed." Puckett, 556 U.S. at 142. "[T]he discretion conferred by Rule 52(b) should be employed 'in those circumstances in which a miscarriage of justice would otherwise result.'" United States v. Olano, 507 U.S. 725, 736 (1993); see also Johnson v. United States, 520 U.S. 461, 470 (1997) ("No 'miscarriage of justice' will result here if we do not notice the error."). "[W]hether a sentencing error seriously affects the fairness, integrity, or public reputation of the judicial proceedings is dependent upon the degree of the error and the particular facts of the case." Scott, 821 F.3d at 571-72 (quoting United States v. John, 597 F.3d 263, 288 (5th Cir. 2010)).

## A. Reid's Sentence Was Well Below The Correct Guidelines Range.

Discretionary plain error relief is unwarranted here for several reasons. First, Reid's sentence was substantially below the Guidelines range that would have applied had the error not occurred. In that event, with a total offense level of 33 that would have applied based on U.S.S.G. § 2D1.1, absent the career offender enhancement, see PSR ¶¶ 85, 87, 88, and a criminal history category of IV, the range would have been 188 to 235 months. Reid's sentence of 154 months was almost three years below the bottom of that range. Although the District Court, treating Reid as a career offender, granted a five-level downward departure under § 5K1.1 to offense level 29, nothing in the record suggests that the Court would have granted a

17

departure of that magnitude had Reid not been deemed a career offender. Cf. United States v. Portillo-Vega, 478 F.3d 1194, 1203 (10th Cir. 2007) (fourth prong not satisfied; "[t]hat the court sentenced at the bottom of the guideline range is not evidence it would act more leniently in a post-Booker environment").

Moreover, the sentence was substantially below the Guidelines range for which Reid had bargained in his plea agreement, based on criminal history category IV which he now says should have applied. Reid stipulated in his plea agreement that his total offense level was 35. SA9, Schedule A, ¶ 13. The resultant Guidelines range was 235 to 293 months. Reid waived his right to challenge a sentence within that range, and is only able to bring this appeal because he is challenging his criminal history category. Moreover, the Probation Office and the District Court gave Reid the benefit of then-pending Guidelines Amendment 782 and reduced the base offense level from 32 to 30, and the total offense level to 33. PSR ¶ 80; A11. But the Guidelines range for that offense level was, again, 188 to 235 months, well above the 154 month sentence.

### B.    Reid Benefitted From A Presentence Report That Failed To Describe His Violent Prior Crimes.

This Court should also deny discretionary relief because Reid received the benefit of an incomplete presentence report that failed to account for the seriousness of his prior convictions. In addition to his state court drug-trafficking conviction,

18

Reid was sentenced for simple assault in March 2005 and for eluding a police officer in August 2006. PSR ¶¶ 95 and 96. The sentencing court was unaware of the facts giving rise to the latter two convictions, because presentence report stated, with respect to both, that "the circumstances of this case were not available." Id. But the now-available arrest reports for both cases suggest that Reid's conduct was considerably more violent than the mere judgments of conviction suggested.

Although a sentencing court may not consult a police report to determine whether a prior conviction amounts to a crime of violence under U.S.S.G. § 4B1.2(a)(i), see United States v. Brown, 765 F.3d 185, 189 (3d Cir. 2014); see also Shepard v. United States, 544 U.S. 13, 21-23 (2005) (construing the ACCA), in all other aspects of sentencing, "[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence," 18 U.S.C.§ 3661. A "fundamental sentencing principle" is that "'a judge may appropriately conduct an inquiry broad in scope, largely unlimited either as to the kind of information he may consider, or the source from which it may come.'" Roberts v. United States, 445 U.S. 552, 556 (1980) (quoting United States v. Grayson, 438 U.S. 41, 50 (1978)). Evidence that would be inadmissible at trial is fair game at sentencing, and a sentencing court may "credit

19

hearsay evidence over sworn testimony," <u>United States v. Miele</u>, 989 F.2d 659, 664

(1993), so long as the "information has sufficient indicia of reliability[.]" U.S.S.G.

§ 6A1.3(a)). "[A] police report … is not inherently unreliable," <u>United States v.</u>

<u>Leekins</u>, 493 F.3d 143, 149 (3d Cir. 2007), and may be considered by the court at

sentencing, <u>id.</u> at 149-51 (sentencing court permissibly considered unsworn

statements in a police report where the detail and internal consistency of the reports

provided sufficient indicia of their reliability).

Although Reid was permitted to plead guilty to simple assault in Union

County New Jersey Superior Court Docket No. 04-005091-002, PSR ¶ 95, the

criminal complaint alleged that he "commit[ted] aggravated assault by … pointing a

firearm in the direction of [the victim], specifically by removing his firearm from his

waistband and pointed it in the direction of the victim to place him in fear for his

life." SA30. Those facts, if true, would have supported a conviction for aggravated

assault. <u>See</u> N.J.S.A. 2C:12-1(b)(4) ("A person is guilty of aggravated assault if he:

… [k]nowingly under circumstances manifesting extreme indifference to the value

of human life points a firearm … at or in the direction of another, whether or not the

actor believes it to be loaded"). A sentence based on a plainly erroneous Guidelines

range may not warrant fourth prong discretionary relief if the defendant could have

been but was not prosecuted for more serious criminal conduct that would have

increased his the range. For instance, the Fifth Circuit recently denied plain error relief where the defendant's 60-month sentence substantially exceeded the Guidelines range of 24-30 months and was otherwise plainly erroneous. But the fourth prong was not satisfied where the defendant could have been but was not prosecuted for illegal reentry into the United States, and the Guidelines range for that crime would have been 57 to 71 months. <u>Rivera</u>, 784 F.3d at 1019.

Although Reid was permitted to plead guilty to eluding police officers in Union County Superior Court Docket No. 06-03-00765, PSR ¶ 96, he was originally charged with aggravated assault on a police officer, and with good reason. The arrest report states that in October 2005, police officers from the Somers Point, New Jersey Police Department were investigating drug-trafficking in their jurisdiction. SA36. A confidential informant arranged to purchase drugs from targets of the investigation, and police conducted surveillance of the location where the drug deal would take place. <u>Id.</u> Reid drove a car with two passengers to that location, and the officers identified themselves and ordered the occupants out of the car. Reid ignored the order, and "accelerated" the vehicle towards one of the officers, striking him with the quarter panel of the car. SA36-37.

Reid led police on a vehicle pursuit through the streets of Somers Point City, onto the Garden State Parkway, then onto the Atlantic City Expressway, before

exiting on Delilah Road and striking several other cars. SA37. Reid was eventually

arrested, given <u>Miranda</u> warnings, and provided a statement to the police. He

admitted that he had provided a ride to one of the occupants of his car after he told

Reid that he planned to sell fake heroin to a woman and then rob her. SA38. These

police reports show—as the information available to the District Court at sentencing

did not—that Reid repeatedly engaged in violent conduct that put the lives of others

at serious risk. Although the District Court was unable to consider the reports at

sentencing, this Court can and should consider them in deciding whether or not to

exercise its broad discretion under the fourth prong.

### C. <u>Callabretta</u> Does Not Compel Plain Error Relief Here.

Although this Court held that Calabretta had satisfied the fourth prong, that

case is distinguishable. <u>First</u>, the applicable Guidelines range there would have been

either 108 to 135 months or 87 to 108 months without the career offender

enhancement, depending on whether the defendant received the benefit of

Guidelines Amendment 782. 2016 WL 3997215, *8. At the lower of those ranges,

"Calabretta's 120-month sentence … would constitute a 12-month upward variance

from that Guidelines range." <u>Id.</u> Even if the higher range is used, his sentence would

have been squarely within the range, and not almost three years below it, as Reid's

was.

Second, whereas the district court denied Calabretta's request for a two-level reduction based on pending Guidelines Amendment 782 because he was a career offender, id., the District Court here did apply that reduction. PSR ¶ 80; A11; StR.

Third, this Court "emphasize[d] the sheer magnitude of the disparity between Calabretta's … erroneously-enhanced Guidelines range" of 188 to 235 months and his "correct Guidelines range," which would have been 108 to 135 months "or perhaps 87 to 108 months … in anticipation of Amendment 782." Id., *9. Here, with a criminal history category of IV rather than VI, and an offense level of 29 following a downward departure, Reid's Guidelines Range would have been 121 to 151 months rather than 151 to 188 months following the departure. And even under the dubious proposition that the District Court would have granted the same five-level downward departure had Reid not been deemed a Career offender, resulting in an offense level of 28 (five levels below the offense level of 33 that would have applied under U.S.S.G. § 2D.1) rather than 29, the Guidelines range would have been 110 to 137 months. Id. Although not insignificant, this 30 or 41 month difference between the bottom of the proper range and the range that the District Court applied does not exhibit the "sheer magnitude of disparity" shown by the 101 month difference in Calabretta.

23

Fourth, Reid's five-level downward departure effectively reduced the bottom of the applicable Guidelines range by 111 months (262 to 151 months), over 60% more than the 68-month downward variance granted in Calabretta. The District Court determined both the degree of the departure and the length of the custodial sentence without a numerical recommendation from the Government. Those facts strongly suggest that the Court did not consider itself strongly influenced by the erroneously calculated Guidelines range.[2]

Even when a defendant has preserved a claim of Guidelines error, "an error is more likely to be harmless when it is clear from the record that the district court decided to vary from the advisory Guidelines range." United States v. Zabielski, 711 F.3d 381, 388 (3d Cir. 2013). See id. at 389 (erroneous two-level enhancement was harmless where the court imposed a sentence below the range that would have applied had the range been properly calculated). See also United States v. Flores, 454 F.3d 149, 162 (3d Cir. 2006) (three possible Guidelines errors were harmless where even without those putative errors, the "Guidelines range would have been

---

[2] Even further afield is United States v. Dahl, —F.3d—, 2016 WL 4394538 (3d Cir. Aug. 18, 2016). There, a Guidelines calculation error increased the applicable range from 121—151 months to 235—293 months, and the district court imposed a prison sentence of 293 months. Id., *1. This Court held that all four prongs of plain error review were met. Id., *10-11. That a sentence that is almost twice the top of the correctly calculated Guidelines range creates a miscarriage of justice says nothing about whether a sentence years below the bottom of the correct range does as well.

27–33 months, thus surrounding [defendant's] 32–month sentence"). Although the District Court here imposed a sentence far below the properly calculated Guidelines range based on a departure rather than a variance as in <u>Zabielski</u> and <u>Flores</u>, the exercise of the sentencing court's substantial discretion is similar in both types of cases, particularly in a post-<u>Booker</u> case. And the Government need not demonstrate harmlessness in this case; Reid bears the burden of demonstrating fourth prong plain error.

The District Court imposed a 154-month prison sentence on the leader of a substantial drug-trafficking organization who repeatedly committed crimes while on probation, <u>see</u> PSR ¶¶ 92, 93, 94, and repeatedly threatened or risked violent injury to others. "Under the circumstances of this case," this Court should not "say that the district court's … sentence …. impugns the fairness, integrity, or public reputation of the court system." <u>Rivera</u>, 784 F.3d at 1019.

## **CONCLUSION**

This Court should affirm the judgment of the District Court.

Respectfully submitted,

PAUL J. FISHMAN
United States Attorney

By: _____
NORMAN GROSS
Assistant U.S. Attorney
401 Market Street
Camden, NJ   08101
(856) 968-4930

Date: August 23, 2016

## **CERTIFICATE OF COMPLIANCE**

I hereby certify as an Assistant United States Attorney for the District of New Jersey, that:

(1) this brief complies with the length limitations of Fed. R. App. P. 32(a)(7) because it contains 5,718 words;

(2) this brief complies with the typeface requirements and type style requirements of Fed. R. App. 32(a)(5) and (6) by using Microsoft WORD 2010's 14-point proportionally-spaced Times New Roman typeface;

(3) the text of the PDF and paper copies of the brief and appendix is identical; and

(4) the PDF copies of the brief and supplemental appendix were prepared on a computer that is automatically protected by a virus detection program, namely a continuously-updated version of Trend Micro OfficeScan, and no virus was detected.


By: NORMAN GROSS
Assistant U.S. Attorney


Dated: August 23, 2016

## <u>CERTIFICATION OF FILING AND SERVICE</u>

I hereby certify that on August 23, 2016, I caused the Brief and Supplemental Appendix for Appellee to be filed with the Clerk of this Court by (a) electronic filing in the PDF form using the Circuit's electronic filing system, and (b) paper filing of an original and nine paper copies of the Brief and four copies of the Supplemental Appendix using postage-prepaid first-class mail.

I also certify that on August 23, 2016, I caused the Brief and Supplemental Appendix for Appellee to be served:

[X] by the Notice of Docketing Activity generated by the Third Circuit's electronic filing system, on the following Filing User:

Robert@Gamburglaw.com

[X] by service of one paper copy by postage-prepaid first-class mail, on:

Robert Gamburg, Esquire
1500 Walnut Street, 22nd°Floor
Philadelphia, Pa 19102
(215) 567 -1486
Attorney For Appellant, Jamal Reid

NORMAN GROSS
Assistant U.S. Attorney

Dated: August 23, 2016